UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VIVIAN PERCOCO,                :  | |
|         Plaintiff,     : | |
| : | CIVIL ACTION NO. |
| v.     : | |
| : | 3:14-cv-01122-VLB |
| LOWE'S HOME CENTERS, LLC,  : | |
|         Defendant.     : | August 25, 2015 |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Lowe's Home Centers, LLC ("LHC")[1] moves to dismiss Vivian Percoco's disability discrimination claim brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAAA").  LHC argues, in relevant part, that Percoco does not sufficiently allege that she was regarded as disabled.  For the following reasons, LHC's motion is GRANTED.

## Background

Percoco brought an ADA claim against LHC, her former employer, alleging that LHC fired her because it regarded her as disabled.[2]  Dkt. No. 1 (Compl.) at ¶¶ 92–93.  Her complaint contains the following relevant allegations.  From 2006 until 2013, Percoco worked as a human resources manager at LHC's store in Danbury, Connecticut; she performed her job satisfactorily and never received a negative performance review.  *Id.* at ¶¶ 15, 19–20, 23, 25.  In late March 2013, she suffered "traumatic injuries to her head, face, lips, tongue, teeth, neck[,] and

---

[1] Plaintiff misspelled Defendant's name in her complaint.  This order uses the proper spelling.  The caption is amended accordingly.
[2] Percoco brought several other claims, but those claims are not addressed here because LHC has not moved to dismiss them.

chest" as a result of a car accident and took an approximately week-long medical leave of absence. *Id.* at ¶¶ 26, 29, 33. LHC was aware of her accident and consequent injuries. *Id.* at ¶¶ 27–28.

When Percoco returned to work on April 8, 2013, she learned that, during her absence, another employee had lodged a complaint with human resources. *Id.* at ¶¶ 34–35. Percoco addressed the employee's complaint and developed a proposed course of action. *Id.* at ¶¶ 36–37. Percoco's immediate supervisor approved of Percoco's response. *Id.* LHC nonetheless fired Percoco approximately two weeks later, indicating that she was fired because of her failure to respond to the employee's complaint while Percoco was on medical leave. *Id.* at ¶¶ 39–40. Two other employees, who were not out on medical leave, had similarly failed to immediately respond to employee complaints, but they were not terminated as a result. *Id.* at ¶¶ 43–45, 49, 55, 57.

LHC moves to dismiss Percoco's claim, arguing that she does not sufficiently allege that she was regarded as disabled or that LHC's terminated her "based on" any such perceived disability.[3] Dkt. No. 16 (Mem.) at 3. LHC's memorandum elaborates only on its first argument: it contends that Percoco's injuries were "transitory and minor" because she returned to work within one week and because her complaint does not allege that LHC perceived any

---

[3] LHC argues that the ADA claim should be dismissed because it was labeled as a "violation of the ADAAA," which does not provide a cause of action. Dkt. Nos. 16 (Mem.) at 3 n.11; 24 (Reply) at 6. This argument is frivolous. "[C]ourts will not dismiss for failure to state a claim merely because the complaint . . . mischaracterizes legal theories." 2 J. Moore, Moore's Federal Practice § 12.34[1][b] (3d ed. 2013) (citing, *inter alia, Norwalk CORE v. Norwalk Redev. Agency*, 395 F.2d 920, 926 (2d Cir. 1968)).

significant impairment lasting longer than her leave period. *Id.* at 3–4. Percoco opposes on the ground that her injuries were not minor, as evidenced by her allegation that her injuries were "traumatic" and that she took medical leave. Dkt. No. 19 (Opp'n) at 5–6. Percoco relies on *Pagan v. Morrisania Neighborhood Family Health Ctr.*, 2014 WL 464787 (S.D.N.Y. Jan 22, 2014), and *Davis v. N.Y.C. Dep't of Educ.*, 2012 WL 139255 (E.D.N.Y. Jan. 18, 2012). *Id.* at 5–6. LHC's reply distinguishes *Pagan* and *Davis* and argues that Percoco's complaint contains conclusions rather than facts supporting an inference of causation. Dkt. No. 24 (Reply).

## Discussion

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling a motion to dismiss, a court may consider an affirmative defense "if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

**To state a facially valid discrimination claim under the ADA, a plaintiff must allege facts permitting the reasonable inference that: "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of [her] disability or perceived disability."** *Caskey v. Cnty. of Ontario*, 560 F. App'x 57, 58 (2d Cir. 2014) (quotation marks omitted).

LHC argues that the complaint fails allege facts sufficient to satisfy elements two and four. With respect to element four, LHC is incorrect. Percoco alleges that two other employees, who were not out on medical leave, had similarly failed to respond to employee complaints, but they were not terminated. Dkt. No. 1 (Compl.) at ¶¶ 43–45, 49, 55, 57. These factual allegations are sufficient to support an inference of discrimination. *See Shlafer v. Wackenhut Corp.*, 837 F.Supp.2d 20, 25 (D. Conn. 2011) ("Discriminatory motivation may be established by allegations of preferential treatment given to similarly situated individuals." (citing *Patane v. Clark*, 508 F.3d 106, 112–13 (2d Cir. 2007)).

With respect to element two, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). An individual is regarded as disabled if she has "an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."

42 U.S.C. § 12102(3)(A).  However, an employer may argue that an employee does not satisfy the regarded-as-disabled requirement if the employee's disability is both objectively transient and minor.  42 U.S.C. § 12102(3)(B); *see also Singleton v. United Parcel Service, Inc.*, 2014 WL 943129 at *3 (D. Conn. Mar. 11, 2014) ("To establish this defense, a covered entity must demonstrate that the impairment is both 'transitory' and 'minor.'" (quoting 29 C.F.R. § 1630.15(f)).  A transient impairment is one "with an actual or expected duration of 6 months or less."  42 U.S.C. § 12102(3)(B).

Here, Percoco's complaint alleges facts indicating that her injuries were both objectively transitory and minor.  Percoco alleges only that her injuries persisted during her week-long absence from work and does not allege any facts indicating that her injuries persisted, or were expected to persist, thereafter.  42 U.S.C. § 12102(3)(B).  Further, her complaint alleges only three facts on which the Court can decipher whether her injuries were minor: how she sustained her injuries (a car accident), where sustained them (head, face, lips, tongue, teeth, neck, and chest), and how long they persisted (one week).[4]  The first two facts provide no indication one way or the other.  A car crash can result in minor or major injury.  *Compare Emmons v. City University of New York*, 715 F.Supp.2d 394 (E.D.N.Y. 2010) (employee neither disabled nor regarded as such based on allegations that she was injured in a car crash), *with Davis*, 2012 WL 139255 (employee could be regarded as disabled based, in part, on her allegations that

---

[4] Percoco's use of the word "traumatic" does not advance her cause because an adjective is not a fact.  See *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions." (internal quotation marks and alterations omitted)).

5

she sustained painful injuries during a car crash). Where the injury occurred is similarly unhelpful. *See Lee v. Sony BMG Music Entm't, Inc.*, 557 F.Supp.2d 418, 425 (S.D.N.Y. 2008) (dismissing ADA claims where plaintiff "merely state[d] that she (1) suffered unspecified 'back, neck, and psychological injuries' . . . (2) and was "forced to go on leave"). However, when these two facts are coupled with the fact that Percoco's injuries lasted a week, it becomes clear, from the face of the complaint, that Percoco's injuries were objectively minor.[5] *See Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259–60 (3d Cir. 2014) (ruling that employee alleged minor injury "because [her complaint] describes the loss of the use of her pinky finger as 'temporary'").

Percoco's reliance on *Pagan* and *Davis* is unpersuasive. Those cases are easily distinguishable. Both the *Pagan* and *Davis* plaintiffs sustained injuries lasting several months. *Pagan*, 2014 WL 464787 at *1 (four-month leave); *Davis*, 2012 WL 139255 at *1 (three-month disability). Moreover, the *Pagan* and *Davis* plaintiffs provided more information than the cause and duration of their injuries. In *Pagan*, the plaintiff alleged that "[h]e suffere[d] from a number of medical conditions, including heart disease, high blood pressure, and diabetes" as well as prostate cancer. 2014 WL 464787 at *1. In *Davis*, the pro se plaintiff appended her medical report and evaluation to her sur-reply, which the district court

---

[5] The Court does not rely on *Dugay v. Complete Skycap Servs., Inc.*, 2011 WL 3159171 (D. Ariz. July 26, 2011), on which LHC relies, because that ruling was based on a misreading of the ADA, as amended by the ADAAA. *Compare Dugay*, 2011 WL 3159171 at *4 ("[T]he statute provides an absolute bar to disability status for 'regarded as' impairments of six months or less, regardless of employer perceptions."), *with* 29 C.F.R. § 1630.15(f) ("To establish this defense, a covered entity must demonstrate that the impairment is both 'transitory' and 'minor.'").

considered in evaluating whether the *Davis* plaintiff's ADA claim should be dismissed.  2012 WL 139255 at *6.

## Conclusion

For the reasons set forth above, LHC's motion to dismiss is GRANTED, and Percoco's ADA claim is DISMISSED.

IT IS SO ORDERED.

                                                        /s/                            
                                       Vanessa L. Bryant
                                       United States District Judge

Dated at Hartford, Connecticut: August 25, 2015.